STATE OF OREGON,
*Respondent,*

*v.*

OLEGARIO LOPEZ-DANIEL,
*Appellant.*

03C47372; A123459

142 P3d 552

Erin G. Rohr filed the brief for appellant. With her on the brief was Chilton, Ebbett & Rohr, LLC.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

After a trial to a jury, defendant was convicted of first-degree manslaughter, third-degree assault, and driving under the influence of intoxicants. On the conviction for manslaughter, the court imposed a Measure 11 sentence of 120 months. On the convictions for the two counts of third-degree assault, the court imposed upward dispositional departure sentences of 12 months' imprisonment based on its findings that the injury to the victim was more aggravated than charged and that defendant could have been charged with additional crimes. On the conviction for driving under the influence of intoxicants, the court imposed a sentence of 365 days in the county jail. The sentences were ordered to run consecutively.

On appeal, defendant makes two unpreserved challenges to his sentences. First, he argues that Measure 11 violates the United States Constitution. We reject that challenge without discussion. *State ex rel Huddleston v. Sawyer,* 324 Or 597, 932 P2d 1145, *cert den,* 522 US 994 (1997). Second, defendant argues that the departure sentences violated the principles enunciated in *Blakely v. Washington,* 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey,* 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because they were based on facts that were not admitted by defendant or found by a jury. Although defendant did not advance such a challenge below, he argues that the sentences should be reviewed as plain error. Under our decision in *State v. Ramirez,* 205 Or App 113, 133 P3d 343, *adh'd to on recons,* 207 Or App 1, 139 P3d 981 (2006), the sentences are plainly erroneous. For the reason set forth in *Ramirez,* we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.