Submitted on remand from the Oregon Supreme Court October 29, 2008,
remanded for resentencing; otherwise affirmed February 11, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

OLEGARIO LOPEZ-DANIEL,
*Defendant-Appellant.*

Marion County Circuit Court
03C47372; A123459

202 P3d 247

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Lopez-Daniel*, 207 Or App 643, 142 P3d 552 (2006) (*Lopez-Daniel I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Lopez-Daniel*, 345 Or 316, 195 P3d 63 (2008). In *Lopez-Daniel I*, we remanded for resentencing because the court had imposed an upward departure sentence on one of defendant's convictions for third-degree assault, ORS 163.165, based on judicial factfinding. That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our discretion under *Ailes*. As explained below, we conclude that we properly exercised our discretion. Accordingly, we affirm defendant's convictions but again remand for resentencing.

Defendant was convicted on one count of first-degree manslaughter, two counts of third-degree assault (Counts 2 and 3), and one count of driving under the influence of intoxicants, all arising from an incident in which defendant drove a van while intoxicated and lost control of the van, causing one of his passengers to die and two others to be injured. The court imposed upward departure sentences on the two convictions for third-degree assault, each of which involved a different victim, to run consecutively to each other and to the sentence on the manslaughter conviction. In support of departure, the court found that the victim specified in one count, Lopez-Delacruz, had suffered an injury greater than typical. The court further found as grounds for departure that defendant had not accepted responsibility for the crimes and that defendant could have been charged with additional crimes stemming from the same incident that gave rise to these convictions. The court specified that any of the factors it had identified would, by itself, constitute an independently substantial and compelling basis for departure.

On remand, defendant argues that we correctly exercised our discretion to correct the sentencing error. The

state responds that this court should not exercise its *Ailes* discretion because this case is similar to *Ramirez*, 343 Or at 513, with respect to the facts pertaining to the "harm greater than typical" departure factor. In *Ramirez*, the court, weighing the competing interests of the parties, concluded that it would be an improper exercise of discretion to order resentencing based on judicial factfinding that the victim suffered a permanent injury, given "undisputed evidence in the record * * * that the victim lost her right eye as a result of being shot in the head." *Id.*

We disagree that this case is controlled by *Ramirez*. Here, Lopez-Delacruz testified at trial that her leg was "smashed" in the accident and that it hurt for about a month afterward. However, no medical evidence was adduced, and there was evidence that Lopez-Delacruz had, in fact, declined medical assistance at the scene of the accident and told an officer at the scene that she was fine and she could walk. Thus, the question of whether the harm involved in that third-degree assault was greater than typical was, unlike in *Ramirez*, subject to "legitimate debate." *Id.*

As to the remaining factors, that defendant did not accept responsibility for the crimes and could have been charged with other crimes, the record reflects that these findings may have been based, in part, on the trial judge's view of defendant's credibility formed during a pretrial suppression hearing. Under these circumstances, we cannot say that any factual issue concerning those departure factors, had they been presented to a jury, indisputably would have been resolved in the same manner. Thus, we reject the state's argument that that rationale of *Ramirez* governs our disposition here.

We turn to other factors relevant to our exercise of discretion, which include:

"[T]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in

another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6. An additional consideration in sentencing cases is whether the defendant may have made "a strategic choice not to object to the sentence." *Fults*, 343 Or at 523.

Here, the upward departure sentences were each of 12 months' duration; the presumptive sentences would have been probation. The length of those sentences, therefore, militate in favor of correcting the error. Although the trial court was not given an opportunity to correct the error, we note that, at the time of the sentencing, which occurred in December 2003, the controlling case was *State v. Dilts*, 179 Or App 238, 39 P3d 276 (2002), which was ultimately overturned in light of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). *See Dilts v. Oregon*, 542 US 934, 124 S Ct 2906, 159 L Ed 2d 809 (2004). Thus, raising the issue in the trial court would not have served to prevent the sentencing error from occurring. Finally, we find no indication on this record that defendant made a strategic choice not to raise the issue, particularly in light of when defendant was sentenced. *See, e.g., State v. Banks*, 218 Or App 593, 597-98, 180 P3d 726 (2008) (noting that timing of sentencing, which occurred before *Blakely* was decided, supported conclusion that the defendant did not have a strategic reason for refraining from making the argument). Counsel, in fact, argued against the imposition of the departure sentences, albeit on different grounds. On balance, we conclude that the *Ailes* factors support an exercise of discretion to remand for resentencing in this case.

Remanded for resentencing; otherwise affirmed.