STATE OF OREGON,
*Respondent,*

*v.*

ROBERT JEFFERY BITTNER,
*Appellant.*

9907-35238; A109428

123 P3d 380

David E. Groom, State Public Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Louis R. Miles filed the supplemental brief.

Robert Jeffery Bittner filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Attorney-In-Charge, Collateral Remedies and Capital Appeals, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of second-degree assault and received an upward departure sentence of 100 months' imprisonment and 20 months' post-prison supervision. The court also ordered restitution in the amount of $2,538.33. On appeal, defendant challenges both his conviction and sentence. We reject defendant's challenges to his conviction without discussion.

With respect to his sentence, defendant argues that the court's upward departure was erroneous under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because it was based on facts that were not admitted by defendant nor found by a jury. Although defendant did not advance such a challenge below, he argues that the sentence should be reviewed as plain error. Under our decision in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the trial court's upward departure—based on its findings that defendant had "prison disciplinary issues" and was on post-prison supervision when he committed the crime—is plainly erroneous. For the reason set forth in *Perez*, we exercise our discretion to correct the error.

Defendant also challenges the trial court's rulings regarding the imposition of restitution and consideration for early release and sentence reductions. We need not address those arguments, given the scope of our remand under ORS 138.222(5). *See State v. Smitherman*, 200 Or App 383, 114 P3d 540 (2005).

Sentence vacated; remanded for resentencing; otherwise affirmed.