Submitted on remand from the Oregon Supreme Court October 28, 2008, remanded for resentencing; otherwise affirmed February 25, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT JEFFERY BITTNER,
*Defendant-Appellant.*

Multnomah County Circuit Court
990735238; A109428

203 P3d 249

Sidney A. Galton, Judge. (Amended Judgment)

Ross G. Davis, Judge. (Second Amended Judgment)

Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Bittner*, 202 Or App 655, 123 P3d 380 (2005) (*Bittner I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Bittner*, 345 Or 315, 195 P3d 62 (2008). In *Bittner I*, we remanded for resentencing because the court had imposed an upward departure sentence on defendant's conviction for second-degree assault based on judicial fact-finding. That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. As explained below, we conclude that we properly exercised our discretion. Accordingly, we again affirm defendant's conviction but remand for resentencing.

The pertinent facts underlying the conviction are as follows. Defendant approached the victim—a stranger—on the street, said "I'm going to beat the living hell out of you," and then proceeded to inflict severe injuries on the victim. The mandatory minimum sentence for defendant's crime pursuant to ORS 137.700 was 70 months' imprisonment.

At sentencing, the prosecutor requested the court to impose a departure sentence because defendant is "a very volatile and violent individual who is a severe threat to our community and who would at any time, at any random instant present a violent threat to any citizen who happens to be around." The prosecutor further noted that the writer of the Presentence Investigation Report (PSI) had recommended a departure sentence of 100 months' imprisonment, and the prosecutor agreed with that recommendation. The recommendation of 100 months' imprisonment contained in the PSI was based on the conclusion that two aggravating factors could be applied: (1) defendant was on supervision at the time the current offense was committed; and (2) defendant had been involved in four instances of misconduct while incarcerated on the current charge. At sentencing, the trial

court indicated that it would impose a departure sentence of 100 months, stating that

> "the bottom line is the public needs to be safe from you. And the only way to do that is to depart from the mandatory minimum of 70 months as recommended by the presentence investigation report. The severe aggravating factors more than outweigh any possible potential or even arguable mitigating factors."

■    On appeal, defendant argues that the imposition of the departure sentence violated his jury trial rights under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Given that the departure sentence was not based on facts found by a jury beyond a reasonable doubt, we agree with defendant that both of those aspects of the sentencing constituted error apparent on the face of the record. ORAP 5.45.

■    As noted, the case is on remand for us to consider whether we properly exercised our discretion under the circumstances of this case. In determining whether to exercise our discretion, we are guided by numerous considerations, including "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case." *Ailes*, 312 Or at 382 n 6. The "interests of the parties" factor includes whether the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." *Ramirez*, 343 Or at 513. Where we are able to conclude that there would be "no legitimate debate" that a jury would find the facts necessary to support the enhanced sentence, the defendant has no significant interest in resentencing, whereas the state does have a significant interest in avoiding an unnecessary resentencing. *Id.* The state argues on remand that, in the present case, there is no legitimate debate that a jury would have found aggravating factors in support of a departure sentence, although the state, in its brief, acknowledges that "it is admittedly difficult to discern the precise basis for the trial court's departure sentence," because "the court never specifically identifie[d] which departure factors it [was] finding."

In *Ramirez*, the court, weighing the competing interests of the parties, concluded that it would be an improper exercise of discretion to order resentencing based on judicial factfinding that the victim suffered a permanent injury, given "undisputed evidence in the record * * * that the victim lost her right eye as a result of being shot in the head." 343 Or at 513. The court emphasized that, if there is "no legitimate debate" concerning the factual predicate for a sentence, the state's interest in avoiding unnecessary proceedings outweighs a defendant's interest in correcting the sentencing error. *Id.* We fail to see how the "no legitimate debate" consideration can be applied in circumstances such as this, where we are not able to discern what the factual predicate for the enhanced sentence *was*, much less what evidence in the record might have supported it. *Cf. State v. Banks*, 218 Or App 593, 598, 180 P3d 726 (2008), *overruled on other grounds by Oregon v. Ice*, ___ US ___, 129 S Ct 711, 172 L Ed 2d 517 (2009) (where basis for enhanced sentence was not clear, court would not speculate as to whether no reasonable factfinder could have failed to find in support of the enhanced sentence).

■   A further consideration in determining whether to exercise discretion in correcting a sentencing error is whether it appears that the defendant may have "made a strategic choice" not to object to the sentence. *Fults*, 343 Or at 523. Here, defendant did oppose the departure sentence, albeit not on the grounds raised on appeal. Finally, in assessing the gravity of the error, *Ailes*, 312 Or at 382 n 6, we note that the departure sentence here added 30 months to defendant's prison term. Thus, the length of the erroneously imposed departure sentence weighs in favor of correcting the error, as well.

In sum, we conclude that we properly exercised our discretion to remand for correction of the sentencing error.

Remanded for resentencing; otherwise affirmed.