Argued and submitted September 10, decision of Court of Appeals reversed;
case remanded to Court of Appeals for further proceedings December 13, 2007
See 219 Or App 305, _____ P3d _____ (2008)

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## DAVID LESTER FULTS,
*Respondent on Review.*

(CC 04CR1586, 04CR1689; CA A127874 (Control),
A127875; SC S54609)

173 P3d 822

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for petitioner on review.

Ernest G. Lannet, Deputy Public Defender, Salem, argued the cause and filed the brief for respondent on review. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

GILLETTE, J.

## GILLETTE, J.

In this criminal case, the state seeks review of a decision of the Court of Appeals that vacated a sentence and remanded the case for resentencing. The state contends that the claim of error that prompted the Court of Appeals decision was unpreserved and that the Court of Appeals' determination to consider that claim of error in any event under the doctrine of "plain error" was flawed. For the reasons that follow, we remand the case to the Court of Appeals for further consideration.

The Court of Appeals summarized the relevant facts in its brief opinion as follows:

> "In Case Number [04CR1586], defendant was convicted of manufacture of a controlled substance (MCS), reckless driving, and driving under the influence of intoxicants. In Case Number [04CR1689], defendant was convicted of felon in possession of a firearm and criminal trespass with a firearm. On the MCS conviction, the trial court imposed a 36-month term of supervised probation. The trial court determined that defendant's grid block classification on the MCS conviction was 4-F. Although the presumptive sentence for that classification is 24 months' supervision, the trial court imposed a 36-month term * * * and defendant indicated that he had no objection to the sentence[.]"

*State v. Fults*, 210 Or App 150, 152, 149 P3d 1248 (2006).

In fact, defendant's response to the trial judge's sentence was even more supportive of the judge's action than the foregoing summary reflects. As the following part of the transcript shows, the trial court imposed the 36-month period of probation on defendant's MCS conviction in order to match the guidelines sentence that would apply to one of defendant's other convictions, and defendant's lawyer affirmatively endorsed that choice:

> "[THE COURT]: On 04CR1586, it will be the judgment of the Court that you be sentenced to probation for a period of 24—it ended up 36 months, because I believe Felon in Possession is a 6, which is three years probation—36 months probation. *So * * * I'm going to make* [the period of probation] *the same for all of them * * *.*

"[DEFENDANT'S COUNSEL]: *We have no objection to that, whatsoever.*"

(Emphases added.)

There is still more to the story. Defendant had a criminal record sufficient to make an extensive jail sentence a real possibility. At sentencing, in addition to the exchange already described, defendant's counsel urged the court to impose as little jail time as possible, in order to permit defendant to begin pursuing vocational rehabilitation. The trial judge, in announcing defendant's sentence, observed:

"[Y]ou have a lot of prior convictions. So, actually, I could have imposed a lot more jail time, and maybe even should have. But I'm not too sure that's going to get your attention any more than the 70 days I've imposed."[1]

The foregoing notwithstanding, defendant subsequently appealed, arguing that the trial court erred in sentencing him to a term of probation on his MCS conviction that exceeded the presumptive sentence set out in the sentencing guidelines for that offense (24 months of probation)[2] without finding, on the record, "substantial and compelling reasons to impose a departure," as required by OAR 213-008-0001.[3] Defendant acknowledged that the claimed error was unpreserved, but he invited the Court of Appeals to review it as an "error of law apparent on the face of the record." *See* ORAP 5.45(1) (describing appellate court authority to consider errors of that kind).

The Court of Appeals accepted defendant's invitation. First, it concluded that the error about which defendant complained qualified as "plain error"—*viz.*, an indisputable

---

[1] In addition to probation, defendant was required to serve a total of 70 days in jail as punishment for his various offenses.

[2] The lawyer representing defendant on appeal is not the one who represented him at trial. Of course, appellate counsel had every right to raise the issue that we here address.

[3] OAR 213-008-0001 provides:

"Except as provided in OAR 213-005-0006, the sentencing judge shall impose the presumptive sentence provided by the guidelines unless the judge finds substantial and compelling reasons to impose a departure. If the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure."

error of law apparent on the face of the record. *Fults*, 210 Or App at 153. Next, it rejected the state's contention that defendant had invited or waived the error. *Id.* at 153-54. Finally, the Court of Appeals concluded that, because "[t]he state has no valid interest in requiring defendant to serve an unlawful sentence," it was appropriate for it to exercise its discretion to address the error by vacating it and remanding the case for resentencing. *Id.* at 154.

The state now seeks review of that decision, arguing that defendant's express acceptance of the sentence precluded review, that the error was not one "apparent on the face of the record," and that the Court of Appeals' reason for exercising its discretion to consider the unpreserved error was an inappropriate one. Respecting those three arguments, the state urges this court to start with its last objection (that the Court of Appeals improperly exercised its discretion to address an unpreserved but "plain" error). We agree to do so here, because we believe that that decision by the Court of Appeals indicates that that court may misapprehend its role in cases in which it is asked to exercise its discretion under ORAP 5.45(1) to consider unpreserved error.

In its opinion, the Court of Appeals acknowledged that defendant had not preserved any objection to the allegedly illegal probation period imposed with respect to his MCS conviction. *Fults*, 210 Or App at 152. The court then stated that, nonetheless,

> "This court may, in its discretion, consider an unpreserved claim of error when the asserted error is, on the face of the record, 'obvious' and 'not reasonably in dispute.' *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991)."

*Fults*, 210 Or App at 153. And, having so noted, the Court of Appeals then proceeded to consider defendant's assignment of error.

The balance of the Court of Appeals opinion consisted almost entirely of its analysis and rejection of the state's contention that defendant either had "waived" or "invited" the alleged error. As noted, the court ruled against

the state as to both arguments. *Id.* at 153-54. The court then made two statements that justify our attention.

In the first of those statements, the court observed, in the context of discussing whether defendant had invited the asserted error, that "there [is no] indication that defendant's failure to object [to the impermissible 36-month probation term] constituted a strategic choice for which defendant now seeks to shift the blame." *Id.* at 154. Although we do not question the court's conclusion that defendant did not engage in conduct that constitutes invited error, we do think the record permits the conclusion that defendant's failure to object was a conscious choice: This defendant desired a sentence that would lead to his release on probation as soon as possible. The trial judge, although restive, was willing to give him that. Moreover, the court *had already decided to impose an indisputably permissible* 36-month probation term for one of defendant's other offenses. Under those circumstances, defense counsel easily could have feared that a technical objection to the extra 12 months of probation on the MCS conviction would "break the deal," and that the best tactic for his client was to remain silent. In other words, the Court of Appeals' statement to the contrary notwithstanding, there is a significant possibility that defendant's failure to object *was in fact* a strategic choice. *See State v. Gornick*, 340 Or 160, 169-70, 130 P3d 780 (2006) (discussing similar issue).

We think, however, that a *Gornick*-style inquiry into whether the fact that defendant may have had a strategic reason not to object means that there was no error at all would be less helpful in this case than simply proceeding directly to a review of the Court of Appeals' determination to consider what it believed to have been a "plain" trial court error. We elect, therefore, to assume, for purposes of this case, that the trial court committed plain error, and turn to a review of the Court of Appeals' decision to consider the alleged error.[4] And, in that review, we shall explain why the Court of Appeals should take into consideration any strategic purpose that defendant may have had in not objecting to the trial court's course of action.

---

[4] *See State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007) (proceeding in similar manner).

The second statement by the Court of Appeals that concerns us speaks directly to that court's explanation of its choice to exercise its discretion to consider defendant's assignment of error. The court stated:

> "Having concluded that the court plainly erred in imposing the sentence and that defendant neither waived nor invited that error, there remains only the question whether it is appropriate for us to exercise our discretion to address the error. *See Ailes*, 312 Or at 382. We conclude that it is appropriate. *The state has no valid interest in requiring defendant to serve an unlawful sentence. See State v. Ramirez*, 205 Or App 113, 125, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006)."

*Fults*, 210 Or App at 154 (emphasis added).

We draw from the emphasized passage of that statement the conclusion that the Court of Appeals' determination to exercise its discretion respecting defendant's unpreserved claim of error turned *solely* on its view that the state had "no valid interest" in requiring defendant to serve an illegal sentence. As we shall explain, there is a fundamental problem with that statement.

The jurisprudential practice of considering unpreserved error, as we have noted, is memorialized in ORAP 5.45(1), which provides, in part:

> "No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court *may* consider an error of law apparent on the face of the record."

(Emphasis added.) This court has spelled out in the past precisely what it expects, and what it will look to, respecting an appellate court's choice to exercise its discretionary authority under ORAP 5.45(1):

> "Even if [a party's unpreserved] error meets th[e] test [that it be one of law, not reasonably in dispute, and apparent on the face of the record], * * * the appellate court must exercise its discretion to consider or not to consider the error, and if the court chooses to consider the error, the court must articulate its reasons for doing so. * * * This is

not a requirement of mere form. A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error. It also undercuts the established manner in which an appellate court ordinarily considers an issue, *i.e.*, through competing arguments of adversary parties with an opportunity to submit both written and oral arguments to the court. Moreover, by *expressly* following the prescribed method of recognizing unpreserved and unraised error, much greater efficiency in the review process between appellate courts is facilitated by giving this court the benefit of the recognizing court's reasoning.[6]

"[W]e conclude that when a claim of error appropriately is identified as an error of law apparent on the face of the record and the Court of Appeals expressly exercises its discretion to recognize that error, this court normally will not second-guess that exercise of discretion. However, a decision that considers a claim of error without an express conclusion that the error is one of law apparent on the face of the record, and without an express statement of the basis for the discretionary consideration of the claim of error, is itself erroneous.

---

"[6] In future applications of this rule, in deciding whether to exercise its discretion to consider an error of law apparent on the face of the record, among the factors that a court may consider are: the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error. * * * Those factors do not comprise a necessary or complete checklist; they merely are some of the permissible considerations."

*Ailes*, 312 Or at 382 (emphasis in original; citations omitted). We agree with and adhere to that statement.

Applying that standard from *Ailes*, the flaw in the Court of Appeals decision to exercise its discretion in this case, at least on the basis thus far offered, becomes clear.

Although we may accept in the abstract the court's statement that, "[t]he state has no valid interest in requiring defendant to serve an unlawful sentence," other factors also must be considered and may outweigh that one. Among the factors that may apply in this case are: (1) defendant's apparent encouragement of the judge's choice; (2) the role of the concurrent, permissible 36-month probationary sentence; (3) the possibility that defendant made a strategic choice not to object to the sentence; and (4) the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings, as well as its interest in requiring preservation of error.[5] Finally, respecting the "no valid interest" statement itself, we believe that it is sufficient to remind the Court of Appeals that (1) the statement is a truism, which, if it were dispositive, would require consideration of and reversal based on any sentencing error, even those that have no readily identifiable significance, and (2) sentences in criminal cases, such as those imposed to run concurrently with sentences that the prisoner already is (or will be) serving, often have no real, practical effect on the prisoner. In such cases, among others, an appellate court's "no valid interest" statement contributes little or nothing to its analysis under ORAP 5.45(1) whether to exercise its discretion to consider "an error of law apparent on the face of the record." This is one of those cases.

For the reasons expressed, we think that, even assuming—as we do—the existence of a "plain error," the Court of Appeals' decision to consider defendant's unpreserved claim of error under ORAP 5.45(1), based on the single rationale that it expressed, was an abuse of discretion. That is not to say, however, that the court could not, after weighing all the relevant factors, justify its choice in some different way. Thus, the appropriate disposition of this case is to reverse the decision of the Court of Appeals and to remand the case to that court for further proceedings. *See Ailes*, 312

---

[5] This case is illustrative of that factor: The trial judge actually had a lawful basis for imposing the sentence that he imposed in this case under the "substantial and compelling reasons" authority in OAR 213-008-0001, quoted above. 343 Or at 518 n 3. The "plain error" consisted of a failure to follow all the procedural steps required to justify the judge's choice. But, had the matter been called to the judge's attention, we have no reason to think that the judge would not have followed correct procedure.

Or at 384 (making similar disposition). On remand, the court may explore those possibilities, if it so desires.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.