Submitted on record and briefs October 30, 2007, affirmed February 27, petition for review denied June 18, 2008 (344 Or 671)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANE FRANKLIN SMITH,
*Defendant-Appellant.*

Lane County Circuit Court
200420184; A127390

179 P3d 691

Erin Galli Rohr and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Heather Vogelsong, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

Defendant was convicted of unauthorized use of a vehicle, ORS 164.135; possession of a stolen vehicle, ORS 819.300; and possession of a burglary tool or theft device, ORS 164.235. The court ordered the sentences for unauthorized use of a vehicle and possession of a burglary tool to run consecutively. On appeal, defendant raises two assignments of error. First, he argues that his motion for a mistrial should have been allowed because certain remarks that the prosecutor made in closing argument amounted to an impermissible comment on his right to remain silent. We reject that assignment without discussion. Second, he argues that the court committed plain error by basing its decision to impose consecutive sentences on facts that were not found by a jury beyond a reasonable doubt, contrary to *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and that we should exercise our discretion to review that error. We affirm.

The relevant facts are few and simple. Defendant stole a car, using a key that had been filed down to be "more accessible to the tumblers in more different types of ignitions of vehicles." As described above, he was tried to a jury and convicted, and the court imposed consecutive sentences based on court-found facts.

■ Defendant's trial counsel did not argue below that imposition of consecutive sentences violated his Sixth Amendment rights under *Blakely*. We therefore cannot review his claim of error unless we conclude, first, that the error is apparent on the face of the record and, second, that we should exercise our discretion to review it. *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007).

ORS 137.123(5) governs the imposition of consecutive sentences in cases like this where the convictions for which such sentences are imposed arise "out of a continuous and uninterrupted course of conduct." In such situations, the court has discretion to impose consecutive sentences only if it finds:

"(a)  That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b)  The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

In *State v. Ice*, 343 Or 248, 267, 170 P3d 1049 (2007), the Supreme Court held that, to comply with the Sixth Amendment as interpreted by the United States Supreme Court in *Blakely*, a trial court cannot impose consecutive sentences under ORS 137.123(5) unless the facts required by that statute are submitted to a jury and proved beyond a reasonable doubt. That did not occur in this case. Because we determine error by reference to "the law existing at the time the appeal is decided, and not as of the time of trial," *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), the imposition of consecutive sentences in this case was plain error: It is obvious and indisputable legal error not to require that the predicate facts be submitted to a jury and proved beyond a reasonable doubt, and it is apparent on the face of the record that the trial court did not do so. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

■■   Therefore, we must decide whether to exercise our discretion to review and correct that error. That decision is made on a case-by-case basis following the factors set out in *Ailes*, 312 Or at 382 n 6, along with the considerations discussed in *Ramirez*, 343 Or at 513-14, and *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007). Factors that bear on the exercise of discretion include:

"[T]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in

another way, *i.e.*, whether the trial court was, in some manner, presented with both sides * * *."

*Ailes*, 312 Or at 382 n 6.

In addressing the "competing interests of the parties" factor, the Supreme Court has indicated that a defendant's interest in resentencing is minimal if "there is no legitimate debate" about whether a departure sentence is warranted. Moreover, the state "has a significant interest in avoiding a second, unnecessary sentencing hearing." *Ramirez*, 343 Or at 513. Similarly, the court explained that the "gravity of the [trial court's] error" is minimal where, on the record, no reasonable factfinder could conclude anything other than that facts existed to support the sentence imposed. *Id*. Further, the court stated that where "the evidence on a sentencing factor is overwhelming, it would not advance the ends of justice to remand for an unnecessary hearing." *Id*. at 514. In *Fults*, 343 Or at 523, the Supreme Court listed additional factors that bear on the analysis, including whether there was a "possibility that [a] defendant made a strategic choice not to object to [a] sentence" and "the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings."

Under those standards, we conclude that we should not exercise our discretion in this case. The jury found defendant guilty of stealing a car from one victim and possessing an altered key that would facilitate stealing other cars—a key, that is, that had been altered to be "more accessible to the tumblers in more different types of ignitions of vehicles." Thus, one conviction was for inflicting harm on a particular victim, the owner of the stolen car, and the other was for a crime that "created a risk of causing loss, injury or harm to a different victim * * *," ORS 137.123(5)(b), that is, other car owners. The possibility that a jury would find the necessary factual predicate to consecutive sentences is therefore "overwhelming"; there could be "no legitimate debate" that possession of the shaved-down key created the risk of harm to other car owners. *Ramirez* therefore compels us to refrain from exercising our discretion to review the court's error.

Affirmed.