Submitted on record and briefs October 22, 2007, affirmed February 27, petition for review denied May 7, 2008 (344 Or 539)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ELLIS ALLEN CONE,
*Defendant-Appellant.*

### Deschutes County Circuit Court
### 03FE1003MA; A126187

179 P3d 688

Andrew S. Chilton and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant was convicted on several charges arising from a fight and shooting incident. He assigns error to a trial court ruling excluding evidence and to the imposition of consecutive sentences. We reject defendant's evidentiary argument without discussion; we write only to address defendant's unpreserved challenge to the trial court's imposition of consecutive sentences. We conclude that the trial court's imposition of consecutive sentences violated defendant's Sixth Amendment right to a jury trial, as that right has been interpreted in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007). However, we also decline to exercise our discretion to review the unpreserved claim of error. Accordingly, we affirm.

The relevant facts, viewed in the light most favorable to the state, are as follows. Defendant visited some acquaintances at the home belonging to one of them, Eggleston. After consuming several beers, defendant became hostile to Eggleston. He pointed a gun at him, and a fight ensued. During the fight, defendant hit Eggleston in the head, knocking him out. After Eggleston came to, defendant once again hit him on the head with the gun. Eggleston retreated into his house and, along with a friend, escaped out a back window. They ran to a neighbor's house, where they waited for the police to arrive. When the police arrived, they saw that defendant had kicked in the door of Eggleston's house and ransacked the premises. After a jury trial, defendant was convicted of three counts of assault in the second degree, ORS 163.175; burglary in the first degree, ORS 164.225; and two counts of unlawful use of a dangerous weapon, ORS 166.220. The court ordered that the sentences for one assault count and the burglary count run consecutively; the other sentences were to run concurrently with those two.

■ Defendant's trial counsel did not argue below that imposition of consecutive sentences violated defendant's Sixth Amendment rights under *Blakely*. We therefore cannot review his claim of error unless we conclude, first, that the error is apparent on the face of the record and, second, that

we should exercise our discretion to review it. *State v. Ramirez*, 343 Or 505, 510-11, 173 P3d 817 (2007).

ORS 137.123(5) governs the imposition of consecutive sentences in cases like this where the convictions for which such sentences are imposed arise "out of a continuous and uninterrupted course of conduct." In such situations, the court has discretion to impose consecutive sentences only if it finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

In *Ice*, 343 Or at 267, the Supreme Court held that, to comply with the Sixth Amendment as interpreted by the United States Supreme Court in *Blakely*, a trial court cannot impose consecutive sentences under ORS 137.123(5) unless the facts required by that statute are submitted to a jury and proved beyond a reasonable doubt. That did not occur in this case. Because we determine error by reference to "the law existing at the time the appeal is decided, and not as of the time of trial," *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), the imposition of consecutive sentences in this case was plain error: It was obvious and indisputable legal error not to require that the predicate facts be submitted to a jury and proved beyond a reasonable doubt, and it is clear on the face of the record that the trial court did not do so. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

■■ Therefore, we must decide whether to exercise our discretion to review and correct that error. That decision is made on a case-by-case basis following the factors set out in

*Ailes*, 312 Or at 382 n 6, along with the considerations discussed in *Ramirez*, 343 Or at 513-14, and *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007). Factors that bear on the exercise of discretion include:

"[T]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides * * *."

*Ailes*, 312 Or at 382 n 6.

In addressing the "competing interests of the parties" factor, the Supreme Court has indicated that a defendant's interest in resentencing is minimal if "there is no legitimate debate" about whether a departure sentence is warranted. Moreover, the state "has a significant interest in avoiding a second, unnecessary sentencing hearing." *Ramirez*, 343 Or at 513. Similarly, the court explained that the "gravity of the [trial court's] error" is minimal where, on the record, no reasonable factfinder could conclude anything other than that facts existed to support the sentence imposed. *Id.* Further, the court stated that where "the evidence on a sentencing factor is overwhelming, it would not advance the ends of justice to remand for an unnecessary hearing." *Id.* at 514. In *Fults*, 343 Or at 523, the Supreme Court listed additional factors that are relevant to the analysis, including whether there was a "possibility that [a] defendant made a strategic choice not to object to [a] sentence" and "the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings."

Under those standards, we conclude that we will not exercise our discretion in this case. There can be no doubt that the harm caused by the assault (physical injury to Eggleston's person) was qualitatively different from and greater than the harm caused by the burglary (damage to Eggleston's property). ORS 137.123(5)(b). *Ramirez* therefore compels us to refrain from exercising our discretion to review the court's error.

Affirmed.