Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 25, petition for review denied May 14, 2009 (346 Or 214)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JIMMY RAY VAUGHN, JR.,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF010608; A118919

203 P3d 248

Andrew Chilton and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

.

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Vaughn*, 196 Or App 782, 103 P3d 1180 (2004) (*Vaughn I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Vaughn*, 345 Or 316, 195 P3d 64 (2008). In *Vaughn I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant had used a weapon when committing his offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Vaughn I* was erroneous. Accordingly, we affirm.

Defendant was convicted by a jury of attempted aggravated murder, second-degree assault, and possession of a weapon by an inmate. The trial court imposed a durational departure sentence on the attempted aggravated murder conviction based on the use of a weapon in the commission of the offense. As noted, the jury convicted defendant of possession of a weapon by an inmate. Accordingly, the jury necessarily found the departure fact that the court relied on in sentencing him on the attempted aggravated murder conviction. *See Ramirez*, 343 Or at 513 (setting out no "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.