Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed February 25, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANTOINE DUPREE WILLIAMS,
*Defendant-Appellant.*

Multnomah County Circuit Court
011238675; A121384

203 P3d 239

Louis R. Miles for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Williams*, 202 Or App 659, 123 P3d 376 (2005) (*Williams I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Williams*, 345 Or 316, 195 P3d 64 (2008). In *Williams I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on a judicial finding that the victim was particularly vulnerable and that the harm defendant inflicted was greater than typical. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Williams I* was correct. Accordingly, we again remand for resentencing.

Defendant was convicted of the first-degree rape of a 17-year-old girl who had asked him for directions in downtown Portland at 2:00 a.m. The trial court imposed a durational departure sentence of 108 months, 100 months of which were imposed pursuant to ORS 137.700 (Measure 11). The court gave the following reasons for its departure:

> "The Court does find substantial and compelling reasons for an upward departure on the rape conviction. The aggravating circumstances that the Court finds are both—that the victim here was a vulnerable victim. The Court makes that finding based on her testimony at trial. The Court also finds an aggravating circumstance of harm significantly greater than typical, also based on the victim's testimony at trial."

The question is whether we should exercise our discretion to correct the error in this case, and we do so for two reasons. In this case, the state concedes that there is a legitimate debate about whether the jury would have found the departure factors relied on by the trial court. Our review of the record confirms the accuracy of that concession, and we accept it. *See Ramirez*, 343 Or at 513 (setting out "legitimate

debate" standard for exercise of discretion to review unpre-
served challenges to departure sentences based on judicial
findings of fact).

Moreover, the gravity of the error in this case is not
trivial. *Ailes*, 312 Or at 382 n 6. The court's imposition of a
departure sentence increased defendant's term of incarcera-
tion by eight months. Accordingly, we reverse and remand for
resentencing.

Remanded for resentencing; otherwise affirmed.