Submitted on remand from the Oregon Supreme Court October 28, 2008, remanded for resentencing; otherwise affirmed February 25, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DALE BRYANT,
*Defendant-Appellant.*

Union County Circuit Court
F06339; A122477

203 P3d 236

George W. Kelly for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Bryant*, 203 Or App 114, 125 P3d 32 (2005) (*Bryant I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Bryant*, 345 Or 315, 195 P3d 62 (2008). In *Bryant I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that the harm created by defendant's arson was greater than typical and that his theft had been committed in order to defraud an insurance company. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Bryant I* was correct. Accordingly, we again remand for resentencing.

Defendant was convicted of first-degree arson and aggravated first-degree theft. The trial court imposed a dispositional departure sentence of 18 months' imprisonment on the arson conviction and a dispositional departure sentence of 12 months' imprisonment on the aggravated first-degree theft conviction, to be served consecutively to the 18-month term imposed on the arson conviction.[1] The court gave the following reasons for its departure:

> "The presumptive sentencing is a probationary sentence of three years in prison. I am going to dispositionally depart * * * because I do find that the harm in this case was greater than general * * * and so I sentence you to 18 months in the custody of the Department of Corrections. * * * With regards to count two, the Theft in the First Degree, which would be an aggravated theft, * * * I gave both thoughts, but especially I was thinking is why it would be concurrent or why it would be consecutive and that's why I came out and looked at the indictment. Um, the one is to

---

[1] Defendant does not assign error to the trial court's imposition of the consecutive sentences.

intentionally damage protected property which was a dwelling, a home, and the second was to seek to defraud the [insurance company]. It's one thing to burn a house. It's another thing to ask money for it. The jury convicted you of both. Um, and that intention to uh take advantage of the company persuades me to depart there. I'm going to depart * * * dispositionally to a sentence of 12 months which will be run consecutive to the 18 months for a total of 30 months in the Department of Corrections."

The question is whether we should exercise our discretion to correct the error in this case, and we do so for two reasons. In this case, the state concedes that there is a legitimate debate about whether the jury would have found the departure factors relied on by the trial court. Our review of the record confirms the accuracy of that concession, and we accept it. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

Moreover, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. The court's departure sentences resulted in a sentence of 30 months' imprisonment, whereas the presumptive sentences for both of defendant's convictions were terms of probation. Accordingly, we reverse and remand for resentencing.

Remanded for resentencing; otherwise affirmed.