Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 25, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RANDALL SCOTT HENSON,
*Defendant-Appellant.*

Marion County Circuit Court
02C41007; A119478

203 P3d 244

Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Henson*, 203 Or App 596, 125 P3d 1271 (2006) (*Henson I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Henson*, 345 Or 315, 195 P3d 63 (2008). In *Henson I*, we remanded for resentencing because the court had imposed upward departure sentences on defendant's convictions for first-degree arson based on judicial factfinding, in violation of his jury trial rights under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. As explained below, we conclude that we should not exercise our discretion to remand for resentencing. Accordingly, we affirm.

Defendant's convictions were based on two incidents in which he set fire to his own home. One incident occurred on April 16, 2001, and the other on January 29, 2002. At sentencing, the trial court imposed an upward departure sentence of 18 months' imprisonment for the first offense, finding as an aggravating factor that defendant was on federal parole or probation at the time of the offense. The court also imposed a concurrent departure sentence of 120 months for the second offense, finding as an aggravating factor that defendant's commission of the second offense was a violation of his pretrial release agreement on the first offense. Although defense counsel did argue against departure sentences, he did not argue that the factual basis for either departure sentence was lacking.

On appeal, defendant argues that the imposition of the departure sentence violated his Sixth Amendment jury trial rights under *Blakely*. Given that the departure sentence was not based on facts found by a jury beyond a reasonable doubt, we agreed with defendant that both of those aspects of

the sentencing constituted error apparent on the face of the record. ORAP 5.45.

This case is on remand for us to consider whether we properly exercised our discretion to remand for resentencing. In determining whether to exercise our discretion, we are guided by numerous considerations, including "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case." *Ailes*, 312 Or at 382 n 6.

The "interests of the parties" factor includes whether the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." *Ramirez*, 343 Or at 513. Where we are able to conclude that there would be "no legitimate debate" that a jury would find the facts necessary to support the enhanced sentence, the defendant has no significant interest in resentencing, whereas the state does have a significant interest in avoiding an unnecessary resentencing. *Id.* In *Ramirez*, the court concluded that it would be an improper exercise of discretion to order resentencing based on judicial factfinding that the victim suffered a permanent injury, given "undisputed evidence in the record * * * that the victim lost her right eye as a result of being shot in the head." *Id.* The court emphasized that if there is "no legitimate debate" concerning the factual predicate for a sentence, the state's interest in avoiding unnecessary proceedings outweighs a defendant's interest in correcting the error. *Id.* Although numerous other factors may weigh into the decision whether to exercise *Ailes* discretion, the "interests of the parties" factor can be—and, in this case, is—determinative.

This case differs significantly from *Ramirez*. It is true that, in this case, the factors that the court relied on in support of departure were not presented to the jury. At sentencing, however, defense counsel stated to the court that his client acknowledged that he was on federal probation at the time of the first offense. Moreover, there is no dispute that the court, the prosecutor, and defense counsel were all proceeding based on their *personal* knowledge that defendant committed the second crime while on pretrial release for the first crime. On appeal, defendant does not argue that there actually exists any factual dispute concerning the existence

of the departure factors—he simply argues that he is entitled to have a jury find them. Under these circumstances, we conclude that defendant's interest in re-resentencing is outweighed by the state's much stronger interest in avoiding an unnecessary sentencing hearing on remand. Here, no legitimate debate exists that, if a jury had been asked to make the findings relied on by the court in support of departure, it would have done so.

Accordingly, we decline to exercise our discretion to remand for resentencing.

Affirmed.