Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 1, petition for review denied June 17, 2009 (346 Or 362)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT LEE HOLQUIN,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF030176; A122317

205 P3d 76

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Holquin*, 207 Or App 52, 139 P3d 972 (2006) (*Holquin I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Holquin*, 345 Or 315, 195 P3d 63 (2008). In *Holquin I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Holquin I* was erroneous. Accordingly, we affirm.

Defendant was convicted of felony assault of a public safety officer. The trial court imposed a durational departure sentence of 36 months' incarceration. The court gave the following reasons for imposing the departure sentence:

> "The court finds substantial and compelling reason(s) for a durational departure based upon the reasons that the defendant was incarcerated at the time of offense and the offense was committed against a corrections officer and this departure is further pursuant to the following aggravating factors, any of which would justify upward departure:
>
> "• Harm or Loss Significantly Greater than Typical
>
> "• Permanent injury to Victim
>
> "• Organized Crime Operation"

Because the trial court stated that any of the departure factors that it found would be independently sufficient to support a departure, we need address only the factor of defendant's incarceration at the time he committed his offense. We conclude that there is no legitimate debate that the jury would have found that defendant was incarcerated at the time he committed his offense. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure

sentences based on judicial findings of fact). The victim in this case was a correctional officer at Eastern Oregon Correctional Institution and was supervising inmates, including defendant, when defendant assaulted him. That evidence was uncontroverted and thus, in our view, overwhelming. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.