Submitted on remand from the Oregon Supreme Court October 28, 2008,
affirmed April 1, appellant's petition for reconsideration filed April 15
allowed by opinion May 27, 2009
See 228 Or App 738, 209 P3d 380 (2009)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANDREW FREDERIC PULCIPHER,
*Defendant-Appellant.*

Washington County Circuit Court
C020754CR, C020987CR, C013620CR;
A118944 (Control), A120457, A120070

204 P3d 852

Rebecca A. Duncan, Assistant Chief Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Pulcipher*, 201 Or App 214, 116 P3d 951 (2005) (*Pulcipher I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Pulcipher*, 345 Or 316, 195 P3d 63 (2008). In *Pulcipher I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Pulcipher I* was erroneous. Accordingly, we affirm.

Defendant was sentenced in three separate cases in a single sentencing hearing. In case number C01-3620CR, defendant was convicted of three counts of first-degree burglary, and the trial court imposed a durational departure sentence of 120 months' imprisonment on each count. Defendant was also convicted of two counts of menacing, one count of unauthorized use of a weapon, and two counts of criminal mischief. The court imposed a durational departure sentence of 18 months' imprisonment on the unauthorized use of a weapon conviction, and a consecutive 12-month departure sentence on one of the criminal mischief convictions. In a separate case, C02-0987CR, defendant was convicted of three counts of tampering with a witness, involving three different witnesses. In that case, the court imposed a durational departure sentence of 60 months' imprisonment on each of the convictions. In a third case, case number C02-0754CR, defendant was convicted of three counts of identity theft, and the court imposed a durational departure sentence of 26 months' imprisonment on each conviction.[1]

---

[1] Defendant waived his right to a jury trial in cases C02-0754CR and C02-0987CR and did not object to the trial court's imposition of departure sentences on the basis of judicial factfinding. Defendant did not assign error to those sentences.

The court gave the following reasons for imposition of departure sentences in case number C01-3620CR:

> "I do find the following aggravating factors: That based on your record, that you do have persistent involvement unrelated to the current crime; that given the fact that you had the chain and the bat, that there was the threat of actual violence; that given what I have just stated, that there was use of a weapon; that the offense involved multiple victims; that you were on post-prison supervision at the time of the offense; and there is an issue of ensuring public safety based on your behavior at the time and, also, based on comments you have made since that time."

The court also stated that "the [departure factors] I have stated, any one of them would have been sufficient, and I stated them as being found on all different counts, but I believe any one of them is sufficient to upwardly depart."

Because the trial court stated on the record that any of the departure factors it enumerated would have been independently sufficient to support its decision to depart, we need consider only the departure factors of use of a weapon and threat of actual violence. We conclude that, with regard to the departure sentences imposed on defendant's convictions for burglary in case number C01-3620CR, there is no legitimate debate that the jury would have found that defendant had used a weapon in the commission of those offenses: Defendant was convicted of unauthorized use of a weapon arising out of the same episode. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). The court also imposed a departure sentence on defendant's conviction for unauthorized use of a weapon. In that regard, we conclude that there is no legitimate debate that the jury would have found that defendant threatened the victims with actual violence: Defendant was convicted of menacing the victims in the same episode.[2] Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.

---

[2] ORS 163.190(1) provides that "[a] person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury."