Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed April 1, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# DAVID LEROY DAY,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0101215; A117331

204 P3d 870

David E. Groom for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Day*, 201 Or App 215, 116 P3d 952 (2005) (*Day I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Day*, 345 Or 315, 195 P3d 62 (2008). In *Day I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Day I* was proper. Accordingly, we again remand for resentencing.

■ Defendant was convicted of second-degree assault with a firearm and felon in possession of a firearm. The trial court imposed a durational departure sentence of 100 months' imprisonment on the second-degree assault conviction. The court gave the following reasons for its decision to impose a departure sentence:

"I find it's appropriate to do a durational departure on the case based upon his criminal history and some other elements which I'll recite in just a moment.

"* * * * *

"The basis for the departure is that I find that the manner in which the firearm was used was deliberately cruel. I find that his persistent involvement in unrelated type criminal activities has been long and persistent. And I find that that's a basis for an aggravation and an upward departure. I find that his long, continuous involvement in the drug culture from which this criminal activity arose is another basis. And I find that the fact that he was on probation or parole at the time of the occurrence of this crime is a further basis for a departure sentence. * * * [T]he fact that his criminal history exceeds that for which the guidelines accommodate, it's just a further basis for the durational departure."

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if any one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

■     Because it is dispositive, we examine only the trial court's reliance on the "deliberate cruelty" of defendant's crime. The evidence at trial and sentencing showed that defendant and the victim were engaged in an argument over their mutual efforts to obtain methamphetamine when defendant swung a motorcycle helmet at the victim. The victim picked up an ax and advanced toward defendant. Defendant shot the victim in the face; the victim was transported to the hospital and was released later that day. On this record, we cannot conclude that there is no legitimate debate that the jury would have found that defendant acted with deliberate cruelty. The "deliberate cruelty" of an act is one of the more subjective departure sentencing factors and, where, as here, a jury reasonably could conclude otherwise, we cannot say that there is no "legitimate debate" that the jury would have found this departure factor. *Cf. Ramirez*, 343 Or at 513 (finding no legitimate debate where "no reasonable factfinder" could conclude other than that the victim suffered a permanent injury).

We exercise our discretion to correct the error in this case for two reasons: First, as discussed, there is a legitimate debate whether the jury would have found one of the departure factors relied on by the trial court. Second, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. Imposition of the departure sentence in this case increased defendant's incarceration term by 30 months.

Remanded for resentencing; otherwise affirmed.