Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed April 8, petition for review denied July 9, 2009 (346 Or 364)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HENRY WALLACE BOHANNON, JR.,
*Defendant-Appellant.*

Lane County Circuit Court
200310867; A124100

206 P3d 223

Eric Johansen, Senior Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Bohannon*, 200 Or App 727, 117 P3d 277 (2005) (*Bohannon I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Bohannon*, 345 Or 315, 195 P3d 62 (2008). In *Bohannon I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Bohannon I* was erroneous. Accordingly, we affirm.

Defendant was convicted of first-degree sexual abuse, first-degree rape, and first-degree sodomy committed against an 11-year-old girl whom he babysat. The trial court imposed a durational departure sentence of 240 months' imprisonment on the rape conviction, and a 120-month durational departure sentence on the sodomy conviction. The court gave the following reasons for its departure:

> "[T]he court's going to order a departure based upon the factors that have been cited by counsel for the state. Namely, that this victim was particularly vulnerable not only because of her age, which is the statutory element, but because of the fact that her mother was in difficult medical straits, that they trusted you to be with this child, and that your own child was in the bed with you.
>
> "And I think that the particular circumstances here were particularly egregious in that it wasn't just contact but ejaculation."

Because the trial court did not explicitly state any one factor was independently sufficient to support a departure sentence, remand for resentencing may be warranted if any factor relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate

debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

We conclude that there is no legitimate debate that the jury would have found the departure factors relied on by the trial court. The evidence of the victim's particular vulnerability included her age and her relationship to defendant— he babysat her while her mother was ill. The combination of those facts satisfies us that the jury would have found that the victim was particularly vulnerable.

With regard to the second departure factor, the particularly egregious nature of the offenses, the record showed that defendant's acts of abuse included ejaculation and that defendant admitted that he carried the hepatitis B and C viruses at the time he committed his offenses. Finally, defendant committed his crimes while his daughter slept in the same bed, and defendant's daughter testified at trial that she witnessed the crimes. That evidence was uncontroverted and, in our view, overwhelmingly established the particularly egregious nature of defendant's offenses. Accordingly, we decline to exercise our discretion to correct the assigned error.

Affirmed.