Submitted on remand from the Oregon Supreme Court October 29, 2008, remanded for resentencing; otherwise affirmed April 8, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN GARZA, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
03C47873; A123378

206 P3d 209

Jason E. Thompson and Ferder Casebeer French & Thompson, LLP, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Garza*, 201 Or App 527, 119 P3d 300 (*Garza I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Garza*, 345 Or 315, 195 P3d 63 (2008). In *Garza I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Garza I* was proper. Accordingly, we again remand for resentencing.

■     Defendant was convicted of second-degree assault, coercion, and fourth-degree assault arising out of his prolonged attack on his female domestic partner. The trial court imposed a durational departure sentence of 120 months' imprisonment on the second-degree assault conviction and a consecutive durational departure sentence of 36 months' imprisonment on the coercion conviction. The court gave the following reasons for its decision to impose the departure sentences:

> "This is the worst case of domestic violence I have ever seen. * * * This was not just a bruise. This was bruises all over her body, multiple times. * * * You showed no remorse during the trial. You blamed everything on her. You continue to blame her in the PSI. You lied during trial. All of those things show me that you have no ability right now to be rehabilitated. You are an extreme danger in this community to her and any other woman that you become involved with. My goal here is to lock you up for as long as I can[.] * * * So the aggravating factors are, as I've said, this is the worst case I've seen, you've shown no remorse during the trial or in the PSI, you lied during the trial, you were on probation when this occurred."

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either

singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

■  Because it is dispositive, we need examine only the departure factor of defendant's lack of remorse. On this record, we cannot conclude that there is no legitimate debate that the jury would have found that defendant had failed to show remorse. During his allocution at sentencing, defendant claimed that "I can only blame myself for what has happened and the dose of medicine I'm about to receive" and that "[d]omestic violence is no joke. It has made me feel emotions I've never felt before and it sucks to be me right now." Although the jury could have construed defendant's comments to show a lack of remorse, the jury also could have reasonably concluded that defendant was showing remorse for his actions. The "remorse" shown by a defendant is an inherently subjective departure factor grounded in an assessment, by the trier of fact, of the defendant's credibility. Where, as here, a jury reasonably could conclude that a defendant had shown remorse, we cannot conclude that there is no legitimate debate that the jury would have found the departure factor relied on by the trial court.

We exercise our discretion to correct the trial court's error for two reasons: First, as discussed above, there is a legitimate debate with regard to one of the departure factors relied on by the trial court. Second, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. Imposition of the departure sentences on defendant's second-degree assault and coercion convictions increased defendant's term of incarceration by 66 months. Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.