***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 21, 2022, affirmed April 26, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EMMANUEL OLMOS CRUZ,
*Defendant-Appellant.*

Wasco County Circuit Court
20CR19337; A174817

Janet L. Stauffer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Eric Seepe, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals his conviction for criminal mischief in the second degree, ORS 164.354(1). He raises two assignments of error.

In defendant's first assignment of error, he argues that the trial court erred when it relied on an unargued theory of liability in reaching its verdict. Defendant did not preserve this argument but asks us to review for plain error. Assuming that the trial court's reliance upon an unargued theory of the case was plain error, we decline to exercise our discretion to correct it. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Our review of the record demonstrates that a contemporaneous objection could easily have led to a correction of any alleged error or, barring that, a fully developed record on appeal. Exercising our discretion here would thus directly undermine the reasons for requiring preservation of errors in the trial court. *See Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008). The balance of the *Ailes* factors also favors declining our discretion to review any plain error in this case.

In so ruling, we disagree with defendant that exercise of our discretion is needed to serve the ends of justice because his conviction was based on insufficient proof. There was sufficient evidence in the record to support defendant's conviction under the prosecution's theory. Importantly, defense counsel never disputed the criminal mischief charge in the face of the prosecution's theory, focusing instead on reducing defendant's more serious charges for felony assault and harassment. *See State v. Fults*, 343 Or 515, 522-23, 173 P3d 822 (2007) (a defendant's strategic choice not to raise an argument or make an objection may weigh against the exercise of discretion to review for plain error).

In his second assignment of error, defendant argues that the trial court erred when it imposed a compensatory fine payable to the victim in the amount of $1,000. To rule in defendant's favor, we would have to choose between competing inferences in the record about the statutory authority for the fine and about the source of the economic damages at issue. Any error is thus not plain. *See State v. Brown*, 310

Or 347, 355, 800 P2d 259 (1990) (holding that plain error requires, among other things, the error be "on the face of the record" such that a reviewing court is not required to choose among competing inferences to find it).

Affirmed.