344 December 31, 2025 No. 1161

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GERARDO LUNA-BENITEZ,
*Defendant-Appellant.*

Washington County Circuit Court
C081907CR, C130766CR; A183974 (Control), A183976

Erik M. Buchér, Judge.

Submitted November 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from his convictions for first-degree rape (Count 9) and second-degree assault (Count 10).[1] On appeal, he contends that the trial court committed plain error by failing to make findings to support the imposition of consecutive sentences for those two convictions. We decline to exercise our discretion to correct the unpreserved claim of error and therefore affirm.

In his original sentencing, the trial court imposed consecutive sentences on Counts 9 and 10, finding that defendant's conduct was not part of a continuous and uninterrupted course of action and, alternatively, that defendant's conduct caused a qualitatively different harm to the victim. *See* ORS 137.123(2) (permitting consecutive sentences for offenses that do not arise from a continuous and uninterrupted course of conduct); ORS 137.123(5)(b) (permitting consecutive sentences for separate offenses that arise from a continuous and uninterrupted course of conduct if the offenses caused a greater or qualitatively different harm to the victim). Following a remand based on a nonunanimous jury verdict on a different charge, the trial court imposed the same consecutive sentences on resentencing.

Defendant now contends that the trial court plainly erred in imposing consecutive sentences on Counts 9 and 10 on resentencing because it failed to make the express findings that are required to impose consecutive sentences for offenses arising from a continuous and uninterrupted course of conduct. *See* ORS 137.123(5)(b) (permitting consecutive sentences only if the court makes certain findings, set forth above). Even if the court plainly erred in not making those findings, we decline to exercise our discretion to correct the error. The type of error that defendant raises is one that, had he raised it at sentencing, could have easily been corrected. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (fact that trial court was never given an opportunity to correct error weighs against review). That holds particularly true given that the original sentencing court made the exact findings in defendant's original

---

[1] This is a consolidated appeal, but defendant makes no challenge to his sentences in the second case, Case No. C130766CR, A183976.

sentencing that he now contends were not made in his resentencing; had defendant raised the issue at resentencing, the trial court could have made those express findings again. *See State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007) (the judicial system's interest in avoiding unnecessary repetitive sentencing proceedings weighs against plain-error review).

Affirmed.