STATE OF OREGON,
*Respondent,*

*v.*

DAVID ARTHUR NYQUIST,
*Appellant.*

02112562; A121281

120 P3d 1292

Erin Galli Rohr and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant appeals from convictions for unlawful use of a weapon, ORS 166.220, felon in possession of a firearm, ORS 166.270, and assault in the first degree with a firearm, ORS 163.185; ORS 161.610. He makes two assignments of error. First, defendant assigns error to the trial court's decision to admit certain hearsay testimony. Second, defendant assigns error to the court's imposition of an upward durational departure sentence.

We reject defendant's first assignment of error without discussion.

In his second assignment of error, defendant challenges the trial court's imposition of an upward durational departure sentence on the assault conviction, based on a finding of persistent involvement. Defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that the court did not submit to a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentences should be reviewed as plain error. The state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentences are plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.