Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 25, petition for review denied May 14, 2009 (346 Or 213)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAVID ARTHUR NYQUIST,
*Defendant-Appellant.*

Linn County Circuit Court
02112562; A121281

203 P3d 240

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Nyquist*, 202 Or App 325, 120 P3d 1292 (2005) (*Nyquist I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Nyquist*, 345 Or 316, 195 P3d 63 (2008). In *Nyquist I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that defendant had used a gun in committing his crimes. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Nyquist I* was erroneous. Accordingly, we affirm.

Defendant was convicted of attempted murder, first-degree assault, felon in possession of a firearm, and unlawful use of a weapon. The trial court imposed a durational departure sentence of 130 months' imprisonment on the attempted murder conviction, 90 months of which were imposed pursuant to ORS 137.700 (Measure 11). The trial court gave the following reasons for its departure:

"I do think that this is a crime where a departure sentence is appropriate. The reason I say that is I think there is substantial and compelling reasons. * * *

"* * * * *

"[A]ny attempted murder involves violence, any attempted murder involves the use of a weapon or the threat of death, and so that's not the aggravating factor. It's the use of the gun again, it's the violence in addition to just the criminal motive in this particular case, and I think that is a compelling reason, and so I am going to order that a departure sentence, a durational departure is appropriate[.]"

In this case, the trial court imposed a departure sentence based on defendant's use of a gun in committing his crimes. The jury convicted defendant of felon in possession of

a firearm and unlawful use of a weapon in addition to attempted murder and first-degree assault. The jury thus necessarily found that defendant had used a gun in committing his crimes, as that fact is an element of both the unlawful use of a weapon and felon in possession of a firearm convictions. It follows that there is no legitimate debate that the jury found the same departure fact relied on by the trial court. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Accordingly, we decline to exercise our discretion to correct the assigned error.

Affirmed.