Argued and submitted January 28, remanded for resentencing; otherwise affirmed April 27, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT JAMES PEDRO,
*Defendant-Appellant.*

Marion County Circuit Court
08C41114; A140119

256 P3d 153

Shawn E. Wiley, Chief Deputy Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Kenneth A. Kruescher, Deputy Public Defender, Office of Public Defense Services.

Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant was convicted on two counts of unlawful use of a weapon, ORS 166.220, two counts of recklessly endangering another person, ORS 163.195, and several other misdemeanor crimes. He argues on appeal that the trial court erred in denying his motion for a judgment of acquittal on one of the reckless endangerment counts and that the court erred in imposing an upward departure sentence on one of the unlawful use of a weapon counts. We reject without discussion defendant's argument concerning the motion for judgment of acquittal. However, we agree with defendant that the court erred in imposing the upward departure sentence. Accordingly, we affirm defendant's convictions and remand for resentencing.

Because defendant was convicted, we summarize the facts in the light most favorable to the state. *State v. Gibson*, 338 Or 560, 562, 113 P3d 423, *cert den*, 546 US 1044 (2005). In the early hours of the morning, defendant went to the house of his in-laws where his wife and children were staying, demanded entry, and threatened to kick in the door. Defendant's wife and father-in-law let him in, and he proceeded to argue with and yell at them. Defendant's wife observed that he was intoxicated. Defendant insisted on seeing his children, and he threatened to use pepper spray on his father-in-law if he was not allowed to see them. Defendant then used the pepper spray on his wife and father-in-law and went up the stairs to find the children. When defendant grabbed his five-year-old son, his mother-in-law fled into a bathroom with defendant's two-year-old son and called the police.

Defendant kicked in the door to a bedroom, and then, after determining that the younger child was in the bathroom, threatened to kick in that door as well. Defendant showed his wife and father-in-law his pocketknife and said that someone was going to get hurt. Defendant's father-in-law then asked his wife, defendant's mother-in-law, to open the bathroom door, which she did. At that point, defendant took the younger child from his mother-in-law. Defendant kicked a hole in a wall, pushed his wife ahead of him and carried the two children down the stairs, through the area where

he had previously discharged pepper spray. Throughout the episode, defendant continued to yell at the other adults. At some point, he put down the two-year-old, and his wife picked up the child.

The police arrived and, because an officer could hear yelling and screaming inside the house, he entered with a stun gun drawn. When he saw the police, defendant grabbed his wife, who was still holding the younger child, and used her as a shield. Police officers then subdued defendant and arrested him.

Defendant waived his right to a jury trial, and he was convicted by the court. At sentencing, the state sought an upward departure sentence on defendant's conviction for unlawful use of the pocketknife against his father-in-law. As a ground for the departure sentence, the state relied on OAR 213-008-0002(1)(b)(E), which provides that "[u]se of a weapon in the commission of the offense" may provide a basis for an upward departure sentence. Defense counsel argued that the use of that departure factor was not appropriate for a conviction for unlawful use of a weapon, because OAR 213-008-0002(2) provides:

> "If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the Crime Seriousness Scale, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

The trial court indicated that it generally agreed with defendant that aggravating factors should not be the same as elements of the crime, but added:

> "I think the argument would have greater merit, but the fact is that there are other crimes, so the aggravating factor under use of a weapon isn't limited to just the offense that involves the weapon. I mean, the weapon was used in this incident and could be a factor of whether or not you were charged with Unlawful Use of a Weapon, so I do find there was use of a weapon."

The trial court's statement might be understood to suggest that the questioned departure factor could be used to enhance sentences for crimes other than unlawful use of a weapon. That, however, is not what the court did. Rather, it imposed an upward departure sentence on an unlawful use of a weapon conviction, based on a finding of "[u]se of a weapon in the commission of the offense." OAR 213-008-0002(1)(b)(E).

ORS 166.220(1) provides:

"A person commits the crime of unlawful use of a weapon if the person:

"(a) Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015; or

"(b) Intentionally discharges a firearm, blowgun, bow and arrow, crossbow or explosive device within the city limits of any city or within residential areas within urban growth boundaries at or in the direction of any person, building, structure or vehicle within the range of the weapon without having legal authority for such discharge."

On the count at issue here, the indictment charged defendant with violating subsection (1)(a) in that he "did unlawfully attempt to use and possess with intent to use unlawfully against [his father-in-law], a knife, a dangerous weapon."

The state argues that proof that a person "attempts to use" or "carries or possesses with intent to use" a weapon unlawfully suffices to establish unlawful use of a weapon under ORS 166.220(1)(a). It follows, the state reasons, that "use of a weapon" under OAR 213-008-0002(1)(b)(E) is not equivalent to the statutory element "unlawful use of a weapon" under ORS 166.220. The state's argument assumes that the "use of a weapon" departure factor necessarily requires more, or different, proof than does the crime embodied in ORS 166.220(1)(a). However, both the crime and the departure factor are phrased in the same terms, namely, "use of a weapon." There is no reason, based on its text or context, to conclude that the departure factor was meant to cover different conduct from what is necessary to constitute a violation of ORS 166.220(1)(a). In fact, in *State v. Nyquist*, 226 Or App 245, 247, 203 P3d 240, *rev den*, 346 Or 213 (2009), we

held that, where a jury had found the defendant guilty of unlawful use of a weapon under ORS 166.220(1)(a), the trial court's reliance on "use of a weapon" as a departure factor for the imposition of a sentence on another related crime was not a plain error that we would correct on appeal, because "there is no legitimate debate that the jury found *the same departure fact* relied on by the trial court." (Emphasis added.) In sum, we do not agree with the state's implicit assumption that the "use of a weapon" departure factor necessarily requires a different type or greater quantum of proof than is necessary to establish "unlawful use of a weapon" under ORS 166.220(1)(a).

Thus, the decisive issue on appeal reduces to whether "the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime," OAR 213-008-0002(2), thus justifying the use as a departure factor of a factual aspect of a crime. The state argues that doing so was appropriate in this case, because it could have proved that defendant violated ORS 166.220(1)(a) merely by adducing evidence that defendant "arrived at his wife's parents' house armed with a knife," whereas, because he brandished the knife at his father-in-law, his conduct went beyond what was required for commission of the charged offense. Again, we disagree. On this record, we cannot conclude that the state could have proved the charged offense merely by establishing that defendant had arrived at the house with a pocketknife in his pocket.[1] As described above, the only evidence supporting the inference that defendant *intended* to unlawfully use the knife, which is an element of the charged offense, was the evidence that he brandished it and made a threat. We cannot say on such a record that defendant's conduct evincing the intent aspect of unlawful use of a weapon was so different from the usual criminal conduct captured by the intent aspect of the offense that it could support the imposition of a departure sentence.

Remanded for resentencing; otherwise affirmed.

---

[1] In that respect, we note that defendant was acquitted of a charge of burglary based on an allegation that he entered his in-laws' house "with the intent to commit the crimes of * * * unlawful use of a weapon * * * and recklessly endangering another person therein."